UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LARRY RENNIE and NANCY RENNIE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0506-CVE-PJC |
| ) | |
| **T &L OIL INCORPORATED, BUREAU OF** ) | |
| **INDIAN AFFAIRS, U.S. DEPARTMENT** ) | |
| **OF INTERIOR, U.S.A.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Stay Proceedings and Enforce Statutory Arbitration and Motion to Dismiss (Dkt. ## 12, 13). Plaintiffs filed a complaint on September 22, 2006, alleging that defendant T & L Oil, Inc. ("T & L Oil") and its predecessors conducted and continue to conduct extensive saltwater injection and oil production on plaintiff's land located in Osage County, Oklahoma. Plaintiffs claim that this conduct led to discharge of saltwater and oil on the surface and subsurface of plaintiffs' land, which in turn caused the death of several of plaintiffs' cows, calves, and steers and other damage. T & L Oil seeks to enforce the statutory arbitration provision, pursuant to 25 C.F.R. § 226.21, and moves to dismiss this action, presumably on the ground that this Court lacks subject matter jurisdiction or the failure to exhaust administrative remedies. Plaintiffs argue that they made a bone fide offer to arbitrate and thus satisfied the condition precedent to the right to sue, as set forth in the Osage Allotment Act, as amended on March 2, 1929, ch. 493, § 2, 45 Stat., 1479-80. They allege that defendant failed to comply with the

procedures set forth in 25 C.F.R. § 226.21; thus, plaintiffs are no longer required to proceed with arbitration.

I.

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving such jurisdiction is proper. See Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted).

In analyzing a motion to dismiss on the basis of a facial attack on the sufficiency of the complaint, a court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). However, in the case of a factual challenge under Rule 12(b)(1), the court does not presume the truthfulness of the factual allegations of the complaint but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (citing Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)); see also Paper, Allied-Industrial, Chemical and Energy Workers' Int'l Union v. Continental Carbon Co.,

428 F.3d 1285, 1292 (10th Cir. 2005). In the case of a factual challenge, "[a] court is required to convert a 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." Holt, 46 F.3d at 1003; see also Continental Carbon Co., 428 F.3d at 1292. "[T]he underlying issue [in determining whether the jurisdictional question is intertwined with the merits] is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." Pringle v. United States, 208 F.3d 1220, 1223 (10th Cir. 2000).

Here, defendant T & L Oil's motion to dismiss appears to be a factual attack, as it points to material outside of plaintiff's complaint. Thus, the Court will consider some evidence outside of the complaint itself. However, the Court need not convert this motion into a motion for summary judgment because the jurisdictional question is not intertwined with the merits. The resolution of the jurisdictional question does not require resolution of any aspect of the substantive claim.

## II.

Congress passed the Osage Allotment Act ("Act"), 34 Stat. 539, in 1906 for the purpose of dividing the Osage Reservation land among the members of the Osage Tribe. The Act also established a subsurface mineral estate trust, which is held by the United States, on behalf of the Osage Tribe. Id. at § 2.7; see also Quarles v. ex rel. Bureau of Indian Affairs, 372 F.3d 1169, 1172 (10th Cir. 2004) (describing the Act). Congress amended the Act on March 2, 1929 and established a mandatory administrative procedure to address claims of surface owners or lessees of the Osage Reservation lands for oil or gas extraction on those lands. See Act as of March 2, 1929, ch. 493, § 1, 45 Stat. 1478-79. According to the Act, the bone fide owner of surface land located in Osage County shall be compensated for damages resulting from the use of such land for oil or gas mining

3

purposes based on the rules and regulations prescribed by the Secretary of the Interior.  Id., § 2, 45 Stat. 1479.  The Secretary of the Interior has promulgated a detailed arbitration procedure in 25 C.F.R. § 226.21.

The arbitration procedure set forth in 25 C.F.R. § 226.21 is as follows: First, the aggrieved party or parties shall serve written notice to the lessee as soon as possible after the discovery of any damages.  25 C.F.R. § 226.21(a). The parties "shall try to adjust the claim with the party or parties aggrieved within 20 days from receipt of the notice."  25 C.F.R. § 226.21(b).  If the parties fail to adjust the claim within the 20-day period, then within "10 days thereafter each of the interested parties shall appoint an arbitrator who immediately upon their appointment shall agree upon a third arbitrator." 25 C.F.R. § 226.21(c).  If the parties' arbitrators fail to agree upon a third arbitrator, then the arbitrators shall notify the parties in interest.  And if the parties themselves cannot agree upon a third arbitrator within 5 days thereafter, then the Superintendent of the Osage Agency shall appoint the third arbitrator. Once the third arbitrator is appointed, then all the arbitrators meet to hear the evidence and examine the land.   "Within 10 days they shall render their decision as to the amount of the damage due."  25 C.F.R. § 226.21(d).  25 C.F.R. § 226.21(f) provides that any two of the arbitrators can make a decision as to the amount of damage due, which is then served upon the parties.  The parties then have 90 days in which to file a court action.

There is no dispute that the Act and related 25 C.F.R. § 226.21 apply to this case since the land sits in Osage County and the claims "arise under" § 2 of the Act.  Cf. Quarles, 372 F.3d at 1173 (holding that the plaintiff's claims did not "arise under" § 2 of the Act and therefore the mandatory arbitration provisions were inapplicable).  Indeed, plaintiffs admit that the Act and 25 C.F.R. § 226.21 require arbitration; however, they argue that they followed the procedures and received no

response from T & L Oil. Specifically, plaintiffs sent a letter to T & L Oil on June 19, 2006, which provided notice of damages under 25 C.F.R. § 226. Dkt. # 17, Ex. 1. The letter set forth with substantial detail the alleged injury and extent of damage. The letter stated, "As provided by the regulations, we write you to resolve these damages by negotiation." Id. It further requested that T & L Oil contact plaintiff within 10 days after receipt of the notice to resolve the problem. Plaintiffs provided a copy of the letter, via certified mail, to the Bureau of Indian Affairs and the Environmental Protection Agency. Id. According to plaintiffs, T & L did not respond to this letter; therefore, on July 10, 2006, plaintiffs sent another letter notifying T & L Oil that they had selected an arbitrator. Dkt. # 17, Ex. 2. The July 10 letter requested that T & L Oil advise plaintiffs of its arbitrator "so that the arbitrators can get together and either select a third arbitrator for purposes of determining surface damages or otherwise select a third arbitrator." Id. Again, plaintiffs claim not to have received any response from T & L Oil. Thus, on July 28, 2006, plaintiffs sent a third letter to both T & L Oil and to the Bureau of Indian Affairs, Osage County. The July 28 letter stated: "As of July 26, 2006, no arbitrator has been appointed by George M. Sheets, President, T & L Oil, Inc. and we are hereby requesting that the Bureau of Indian Affairs Osage Agency appoint an arbitrator to determine damages because of the failure of the Lessee, T & L Oil, Inc. to nominate and appoint an arbitrator within 10 days of July 12th." Dkt. # 17, Ex. 3. With no response from the defendants, plaintiffs filed a complaint in this Court on September 22, 2006. Dkt. # 2. After the complaint was filed, on October 5, 2006, T & L Oil responded to plaintiffs' attorney stating, "We have had some difficulties with arrangements with our first arbitrator. He has chosen to be dismissed for personal reasons." Dkt. # 17, Ex. 4. T & L Oil then provided the name of a second arbitrator to represent

it. Id. Plaintiffs argue that, since defendants failed to respond to its requests for arbitration, plaintiffs are now free to bring this action in federal court.

According to T & L Oil's recitation of the facts, it learned of plaintiffs' claims for damages sometime in July 2006. Dkt. # 123, Ex. 1, Sheets Affidavit, ¶ 2. "Shortly after learning of Larry and Nancy Rennie's claims, T & L Oil notified the Bureau of Indian Affairs that it would be using Bill Mashunkashey as its choice of arbitrator." Id., ¶ 3. T & L does not provide a specific date on which it contacted Mashunkashey. T & L Oil states that it is unknown if Mashunkashey contacted or attempted to contact plaintiff's arbitrator. Sometime thereafter, on an unspecified date, Mashunkashey suffered a personal injury that prevented him from serving as T & L's arbitrator, and T & L Oil sought a replacement arbitrator. It then sent to plaintiffs the October 5, 2006 letter, described above. In its motion, T & L Oil argues that "only after a decision is rendered by the panel may a party resort to the judiciary to remedy a grievance with the arbitration award." Dkt. # 12, at 4. Thus, T & L Oil contends that this Court should either dismiss the claim or stay the proceedings until after arbitration.

The issue, then, is not whether the revised Act and 25 C.F.R. § 226.21 apply – which is uncontested – but whether plaintiffs can bring suit in this Court prior to any arbitration proceedings given the sequence of correspondence between the parties. To determine whether arbitration is required in the instant case, the Court must interpret § 2 of the Act and 25 C.F.R. § 226.21. As with all statutory interpretation, the Court beings with the plain language of the Act. New Mexico Cattle Growers Assoc. v. United States Fish and Wildlife Serv., 248 F.3d 1277, 1281 (10th Cir. 2001); Quarles, 372 F.3d at 1172. "In analyzing the language of the statute, we attempt to give effect to its meaning and construe the words of the statute in their ordinary sense." Quarles, 372 F.3d at 1172

(internal quotations marks and citations omitted).  "When the statute's language is clear, only rarely is that language not controlling."  Id.  The Court will give effect, if possible, to every word of the statute.  Id.; see also Lamb v. Thompson, 265 F.3d 1038, 1051 (10th Cir. 2001); Finley v. United States, 123 F.3d 1038, 1051 (10th Cir. 1997) (noting that the Court must construe statutes "in such a manner that every word has some operative effect").

>Section 2 of the Act reads, in pertinent part:
>
>The bone fide owner or lessee of the surface of the land shall be compensated, under rules and regulations prescribed by the Secretary of the Interior in connection with oil and gas mining operations, for any damage that shall accrue after the passage of this Act as a result of the use of such land for oil or gas mining purposes, or out of damages to the land or crops thereon, occasioned thereby . . . . <u>All claims for damages arising under this section shall be settled by arbitration under rules and regulations to be prescribed by the Secretary of the Interior</u>; but either party shall have the right to appeal to the courts without consent of the Secretary of the Interior in the event he is dissatisfied with the award to or against him.  The appeal herein authorized shall consist of filing an original action in any court of competent jurisdiction sitting at the county seat of Osage County, to enlarge, modify or set aside the award, and in any such action, upon demand of either party, the issues, both of law and of fact shall be tried de novo before a jury upon the request of either party. <u>Arbitration, or a bone fide offer in writing to arbitrate, shall constitute conditions precedent to the right to sue for such damages</u> *Provided*, That nothing herein contained shall preclude the institution of any such suit in a Federal court having jurisdiction thereof, or the removal to said court of any such suit brought in the State court, which under federal law may be removed to the Federal Court:  *Provided Further*, That <u>nothing herein shall be construed to limit the time for any action to be filed to less than ninety days</u>.

Act of March 2, 1929, ch. 493, § 2, 45 Stat. 1479-80 (emphasis added).  With respect to rules prescribed by the Secretary of the Interior, the rules refer to the courts only in 25 C.F.R. § 226.21(f): "Each party shall have 90 days from the date of the decision is served in which to file an action in a court of competent jurisdiction."

The Act makes clear that the parties are to submit their claims to arbitration pursuant to the very specific procedures set forth in 25 C.F.R. § 226.21. Plaintiffs clearly recognized these rules and attempted to abide by them in their correspondence with T & L Oil. The Court agrees with plaintiffs that they made a "bone fide offer to arbitrate." There in nothing in their letters that suggests that plaintiffs were unwilling to participate in the mandatory arbitration process. Plaintiffs are rightly perturbed by T & L Oil's lack of direct communication regarding plaintiffs' claim. However, the Court is not persuaded that T & L Oil was entirely unresponsive to plaintiffs' request to appoint an arbitrator. The evidence indicates that T & L Oil appointed an arbitrator who, for personal reasons, had to withdraw. T & L Oil thereafter appointed a second arbitrator to assist in the mandatory arbitration proceedings. Thus, though T & L Oil did not respond as quickly as it should have, it has evidenced a willingness to engage in the arbitrations proceedings contemplated by the Act.

The Court concludes that the Act provides for claims to be submitted to an arbitration proceeding. This is clear from the plain language of the Act. While the Act recognizes the role of the courts, it anticipates that parties can turn to the courts <u>after</u> the mandatory arbitration. Plaintiffs' argument that it made a "bone fide offer in writing to arbitrate" and thus is able to bring suit without arbitration is not unpersuasive. Nonetheless, the Court finds that, given T & L Oil's efforts to appoint an arbitrator, it would be premature for the parties to turn to the courts at this time. The purpose of the Act is better served by compelling arbitration; if a party is dissatisfied with the award to or against it, that party may appeal as authorized by statute. Given that the parties must submit to arbitration prior to filing suit, the Court administratively closes this action on the ground that the parties have not exhausted the administrative remedy.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Proceedings and Enforce Statutory Arbitration and Motion to Dismiss (Dkt. ## 12, 13) is **granted in part and denied in part**. The Court grants the motion to enforce statutory arbitration. The parties are directed to submit to the arbitration procedures set forth in 25 C.F.R. § 226.21. Rather than stay the proceedings, the Court administratively closes this action. An administrative closing order is entered herewith.

**DATED** this 27th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT