UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY RENNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-0506-CVE-PJC |
| ) | |
| T & L OIL INCORPORATED, et al. ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Dismiss by Defendant United States (Dkt. # 51), filed on behalf of the Bureau of Indian Affairs, United States Department of Interior, and United States of America (collectively "BIA"). BIA seeks to dismiss plaintiff Nancy Rennie's ("Rennie") complaint as to it for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and for failure to join an indispensable party under Fed. R. Civ. P. 19. For the reasons set forth below, the Court finds that BIA's motion should be **granted.**

**Background**

The instant civil action arises from a lease of the mineral estate of an area of land located within the Osage Indian Reservation. Dkt. # 27, at 1. Plaintiff Rennie owns the surface estate of this land, id. at 2, and BIA holds in trust the corresponding mineral estate on behalf of the Osage Nation,[1] Dkt. # 54, at 2. In 1961, the mineral estate underlying Rennie's land was leased for

---

[1]   BIA is a division within the Department of Interior. 41 AM. JUR. 2D Indians § 35. Pursuant to federal law, the United States holds in trust the Osage mineral estate. Quarles v. United States ex rel. Bureau of Indian Affairs, 372 F.3d 1169, 1172 (10th Cir. 2004). The United States, through the Secretary of Interior, has delegated its management duties to BIA. See 25 U.S.C. § 2 ("The [BIA] shall, under the direction of the Secretary of Interior . . . have the management of all Indian affairs and of all matters arising out of Indian relations."); 25

purposes of oil production, Dkt. # 27-2, at 2, and in 1999, defendant T&L Oil Incorporated ("T&L Oil") acquired the lease by way of assignment, Dkt. # 27, at 2.  The lease remains in effect as long as oil is produced in paying quantities. Dkt. # 27-2, at 2.  T&L Oil presently conducts "extensive saltwater injection and oil production" at the site. Dkt. # 27, at 2.

Rennie claims that T&L Oil has unreasonably used and intentionally damaged her surface estate in violation of federal regulations and the lease. Id. at 2-7.  She claims that T&L Oil has discharged "oil, saltwater, and other deleterious substances" onto the surface and subsurface of her estate during the saltwater injection and oil production operations. Id. at 3.  She claims that T&L Oil has failed to remove hazardous "unburied pipelines, unburied electric lines, equipment, concrete pads, pump jacks and other oil field equipment and piping." Id. at 3-4.  She claims that T&L Oil's acts and omissions constitute a "continuing nuisance," id. at 5, and that she has "given written notice to [] T&L Oil and [BIA] . . . as agent of the President, that such discharges exist and are continuing and ha[s] demanded that they cease[,]" id. at 4.  T&L Oil and BIA have not, however, taken any action. Id.

Accordingly, Rennie filed a formal complaint, with jury demand, on September 22, 2006.[2] Dkt. # 2.  She seeks several remedies under the Comprehensive Environmental Resources, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, including: (i) termination of the lease between T&L Oil and BIA, as trustee for the Osage Nation, (ii) an injunction prohibiting further "contamination" of the surface estate, and (iii) an order requiring the plugging of all wells,

---

C.F.R. § 226.1 et seq. (setting forth the BIA regulations pertaining to the leasing of Osage reservation lands for oil and gas mining).

[2]  Rennie subsequently amended her complaint on May 16, 2007. Dkt. # 27.

remediation of all contamination, and removal of all equipment, pipes, electrical wires, and other debris. Dkt. # 27, at 5-6. Rennie has made clear that she does not seek "civil, punitive or penalty damage[s]" from BIA. Dkt. # 54, at 4. She does seek "to enforce CERCLA, [however,] including injunctive relief against continued contamination which, if granted, would impact BIA's trust and management of the Osage Mineral Estate." Id.

BIA moves to dismiss Rennie's claims as to it for lack of subject matter jurisdiction, failure to state a claim, and failure to join the Osage Nation, an allegedly indispensable party. BIA avers that Rennie has not pled or shown compliance with CERCLA's notice requirements, and that this failure mandates dismissal for lack of jurisdiction. Dkt. # 51, at 7-8. BIA alleges that Rennie has not identified any applicable standard, regulation, condition, requirement or order that BIA has violated. Id. BIA further alleges that Rennie does not claim that any "hazardous substances," as defined by CERCLA, have been discharged at the site. Id. at 9. According to BIA, therefore, Rennie's claims also should be dismissed as to it for failure to state a claim. Finally, BIA avers that Rennie's "prayer for cancellation of the oil and gas lease" must be dismissed for failure to join an indispensable party, the Osage Nation, which BIA contends is the actual lessor of the mineral estate. Id. at 10. The Court will consider initially the threshold issue of subject matter jurisdiction.

**Standard of Review**

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). In analyzing a motion to dismiss on the basis of a facial attack on the sufficiency of the complaint, a court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); see United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 (10th Cir. 1996) (holding that when a jurisdictional issue arises from the same statute that creates the cause of action, or in other words is intertwined with the merits of the case, "such 'intertwined' jurisdictional question[]" may be resolved pursuant to the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

**Notice Requirements under CERCLA**

Congress enacted CERCLA in response to "the serious environmental and health risks posed by industrial pollution." United States v. Bestfoods, 524 U.S. 51, 55 (1998). CERCLA provides that "any person may commence a civil action on his own behalf . . . against any person (including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any [applicable] standard, regulation, condition, requirement, or order . . . ." 42 U.S.C. § 9659(a)(1). As a prerequisite to suit, however, a complainant must give notice of the alleged violation to (A) the President, (B) the State in which the alleged violation occurs, and (C) any alleged violator of the concerned standard, regulation, condition, requirement, or order. Id. § 9659(d)(1). This notice must

be given at least 60 days before the filing of a formal complaint, and the notice must "be given in such manner as the President shall prescribe by regulation." Id. The purpose of this notice requirement is to ensure that a private citizen does not interfere with the government's diligent prosecution of the environmental violation. Roe v. Wert, 706 F. Supp. 788, 790 (W.D. Okla. 1989); see Hallstrom v. Tillamook County, 493 U.S. 20, 29 (1989) (finding that the policy behind a 60-day notice requirement "would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies."). Under the "jurisdictional prerequisite doctrine," a court lacks subject matter jurisdiction "when no pre-suit notice was given."[3] Id. at 793.

As the U.S. Supreme Court has repeatedly held, "the starting point for interpreting a statute is the language of the statute itself." Hallstrom, 493 U.S. at 25 (internal quotation marks and citation omitted). CERCLA very plainly states that "[n]o action may be commenced under subsection (a)(1) before 60 days after the plaintiff has given notice." 42 U.S.C. § 9659(d)(1). In Hallstrom, the Court interpreted the nearly identical, 60-day notice requirement in the Resource Conservation and Recovery Act of 1976, as amended, 42 U.S.C. § 6972.[4] 493 U.S. at 31. The Court found that a literal reading of the statute conveys that "the notice and 60-day delay requirements are mandatory conditions precedent to commencing suit." Id.

---

[3]   While the Tenth Circuit has yet to address the jurisdictional prerequisite doctrine in this context, this Court concurs with the findings and analysis in Roe, 706 F. Supp. at 792-93, and hereby adopts this narrow construction of the 60-day notice requirement.

[4]   The Supreme Court noted that since 1970, numerous federal statutes, including CERCLA, have incorporated the 60-day notice requirement patterned after section 304 of the Clean Air Amendments of 1970, as amended, 42 U.S.C. § 7604. Hallstrom, 493 U.S. at 23 n.1.

This Court holds that such a literal reading of the 60-day notice requirement should apply here. In this case, plaintiff filed suit on September 22, 2006. Dkt. # 2. In both her original and amended complaints, she pleads that she gave written notice of the alleged continuing environmental violations to T&L Oil and BIA, "as agent of the President," and demanded that such violations cease in accordance with CERCLA. Id. at 4; Dkt. # 27, at 4. According to plaintiff, T&L Oil and BIA disregarded "such notices" and took no responsive action, thereby "entitling [Rennie] to bring this action under the provisions of 42 U.S.C. § 9659." Dkt. # 27, at 4. Nonetheless, nowhere in plaintiff's original complaint, amended complaint, or response to BIA's motion to dismiss does she allege facts demonstrating compliance with each of CERCLA's requirements. While plaintiff claims she provided notice to the alleged violator, T&L Oil, and BIA, she does not state the date on which she provided this notice. Even if this Court were to assume that notice to a federal agency qualifies as notice to the President, plaintiff likewise fails to state that she provided notice to the State of Oklahoma, the State in which the alleged violation has occurred. Moreover, plaintiff does not even address the notice issue in her response, let alone attach documents evidencing her administrative compliance. The Court finds, therefore, that plaintiff has failed to establish subject matter jurisdiction. Plaintiff's claims as to BIA should be dismissed.

As a procedural matter, in its answer (Dkt. # 30) the BIA asserted what it denominated as "counterclaims." As a result, the Court Clerk identified the answer as a multi-part document and docketed the counterclaims separately (Dkt. # 32). As a result, the docket sheet shows the BIA as a counter-plaintiff and plaintiff as a counter-defendant. A review of the alleged counterclaims demonstrates that they are not in fact true counterclaims but merely affirmative defenses. Thus, the counterclaims (Dkt. # 32) should be stricken.

### Conclusion

Accordingly, the Court need not address defendant's other grounds for dismissal. If the Court lacks subject matter jurisdiction as to BIA, it need not consider the sufficiency of plaintiff's claims under Rule 12(b)(6) or plaintiff's failure to join the Osage Nation pursuant to Rule 19.[5] Plaintiff has made clear that she seeks only "to enforce CERCLA [against BIA]," Dkt. # 54, at 4, and plaintiff unquestionably has failed to satisfy the notice requirements of CERCLA.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss by Defendant United States (Dkt. # 51) is **granted**, the counterclaims (Dkt. # 32) of BIA are **stricken,** and defendants the Bureau of Indian Affairs, United States Department of Interior, and United States of America are hereby **dismissed**.

**DATED** this 11th day of December, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] The Court also need not address defendant's argument with regard to plaintiff's jury demand. The Court agrees that 28 U.S.C. § 2402 precludes a jury trial in any action commenced against the United States. Nonetheless, the Court is dismissing the Bureau of Indian Affairs, United States Department of Interior, and United States of America as parties. Thus, the Court concludes that § 2402 has no bearing on the parties who remain in this action.