UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY RENNIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CV-0506-CVE-PJC |
| | ) |
| T & L OIL INCORPORATED, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant T&L Oil Incorporated's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 95). Defendant T&L Oil Incorporated seeks to dismiss plaintiff Nancy Rennie's amended complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the Court finds that T&L Oil's motion should be **granted.**

**I.**

The instant civil action arises from the lease of the mineral estate of an area of land located in Osage County Oklahoma. Dkt. # 27, at 1-2. Plaintiff Rennie owns the surface estate of this land, id. at 2, and the Bureau of Indian Affairs ("BIA") holds in trust the corresponding mineral estate on behalf of the Osage Nation, Dkt. # 54, at 2. In 1999, defendant T&L Oil acquired an oil and gas lease on this mineral estate underlying Rennie's land. Dkt. # 27, at 2. The lease remains in effect as long as oil is produced in paying quantities. Dkt. # 27-2, at 2. T&L Oil presently conducts "extensive saltwater injection and oil production" at the site. Dkt. # 27, at 2.

Rennie claims that T&L Oil has unreasonably used and intentionally damaged her surface estate. See id. at 2-3. Accordingly, Rennie filed suit in this Court on September 22, 2006. Dkt. #

2. In her amended complaint, Rennie asserts five causes of action, four of which remain before this Court.[1] In the first claim, Rennie alleges that the continuous escape of saltwater and other deleterious substances violates the oil and gas lease, BIA regulations, Oklahoma statutes, and "ordinary and customary operations of oil and gas leases." Dkt. # 27, at 3. In the second claim, Rennie alleges unreasonable use of the surface land in connection with T&L Oil's production operations. Id. at 3-4. In the third claim, Rennie alleges that T&L Oil's operations constitute a continuing nuisance. Id. at 5. In the fourth claim, Rennie alleges that the "actions and omissions of Defendant, T&L Oil[,] have been intentional and with total disregard for the rights of others." Id. Rennie seeks, inter alia, over $200,000 in compensatory damages, an injunction against T&L Oil, cancellation of the oil and gas lease, and punitive damages. Id. at 5-6.

Rennie contends that this Court has subject matter jurisdiction over her claims pursuant to 28 U.S.C. § 1331.[2] Id. at 1. She claims that a federal question exists because the oil and gas lease is governed by the Act of March 2, 1929, ch. 493, § 2, 45 Stat. 1478 ("The Osage Allotment Act" or "Act"), and federal regulations, 25 C.F.R § 226. Id. As required by the Act, the parties arbitrated this dispute and obtained an arbitration decision on February 26, 2007. Id. According to Rennie, the Act – itself – entitles her to bring this action in federal court. Dkt. # 98, at 3. Rennie further submits that her "claims for damages arising out of a continuing nuisance and punitive damages are

---

[1] In a previous Opinion and Order (Dkt. # 62), the Court dismissed the BIA, United States Department of Interior, and United States of America as defendants. See Dkt. # 62. Rennie concedes in her response that the Court's Opinion and Order effectively dismissed plaintiff's third cause of action alleging violations of the Comprehensive Environmental Resources, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675. See Dkt. # 98, at 2. Thus, the Court need not consider plaintiff's CERCLA claim against T&L Oil.

[2] Rennie admits that this Court does not have diversity jurisdiction under 28 U.S.C. § 1332. Dkt. # 98, at 4; see Dkt. # 27, at 2.

2

based upon state law and properly within the Court's supplemental jurisdiction under the provisions of 28 U.S.C. § 1367 . . . ." Id. at 2.

T&L Oil moves to dismiss Rennie's claims for lack of subject matter jurisdiction. T&L Oil avers that the plain language of the Act allows plaintiff to bring her claims in federal court only if "the case could be properly instituted in federal court OR properly removed to federal court." Dkt. # 101, at 4. T&L Oil contends that Rennie's "[m]ere reliance on a federal statute will not confer jurisdiction on the federal courts." Id. at 6. According to T&L Oil, "the proper showing is not that plaintiff is relying on a federal statute" but that plaintiff's "case involves the construction of a federal statute." Id. (emphasis in original). T&L Oil further contends that, because no federal question exists, "there is no supplemental jurisdiction to support" Rennie's common law claims. Id. at 7.

The Court notes at the outset that this case presents an issue of first impression. Neither the parties nor this Court have found case law addressing the issue of whether the Act, by itself, confers federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3] Therefore, the Court looks to general principles from analogous decisions to arrive at its conclusion.

**II.**

---

[3]   The cases cited by Rennie do not address the issue before the Court. In Appleton v. Kennedy, 268 F. Supp. 22, 23-24 (N.D. Okla. 1967), the court found that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties were diverse and the amount is controversy exceeded the jurisdictional minimum. In Silurian Oil Co. v. Essley, 54 F.2d 43 (10th Cir. 1931), the court did not address the issue of subject matter jurisdiction. The only issue before the court was whether the Act's statutory right to a trial de novo applied to damages accrued prior to the passage of the 1929 amendment granting such a right. Id. at 47. Because the Court cannot discern whether the Silurian Oil litigants qualified as diverse in 1931, it cannot determine the basis for the court's subject matter jurisdiction.

3

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, T & L Oil's motion to dismiss is a facial attack, as it does not rely on materials outside of the amended complaint to show lack of subject matter jurisdiction. In analyzing a motion to dismiss on the basis of a facial attack on the sufficiency of the complaint, a court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); see United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 (10th Cir. 1996) (holding that when a jurisdictional issue arises from the same statute that creates the cause of action, or in other words is intertwined with the merits of the case, "such 'intertwined' jurisdictional question[]" may be resolved pursuant to the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

### III.

Congress passed the Osage Allotment Act, 34 Stat. 539, in 1906 for the purpose of dividing the Osage Reservation land among the members of the Osage Nation. Quarles v. ex rel. Bureau of

4

<u>Indian Affairs</u>, 372 F.3d 1169, 1172 (10th Cir. 2004). Congress amended the Act on March 2, 1929 and established a mandatory administrative procedure for addressing claims of surface owners or lessees relating to oil or gas extraction from Osage mineral estates. <u>See</u> § 2, 45 Stat. at 1479-80. According to the Act, the bona fide owner of surface land shall be compensated for damages resulting from the use of such land for oil or gas mining purposes based on the rules and regulations prescribed by the Secretary of the Interior. <u>Id.</u>, § 2, 45 Stat. at 1479; <u>see also</u> 25 C.F.R. §§ 226.20-226.21. Section 2 of the Act reads, in pertinent part:

> All claims for damages arising under this section shall be settled by arbitration under rules and regulations to be prescribed by the Secretary of the Interior; but either party shall have the right to appeal to the courts without consent of the Secretary of the Interior in the event he is dissatisfied with the award to or against him. The appeal herein authorized shall consist of filing an original action <u>in any court of competent jurisdiction sitting at the county seat of Osage County</u>, to enlarge, modify or set aside the award, and in any such action, upon demand of either party, the issues, both of law and of fact shall be tried de novo before a jury upon the request of either party. Arbitration, or a bona fide offer in writing to arbitrate, shall constitute conditions precedent to the right to sue for such damages . . . <u>nothing herein contained shall preclude the institution of any such suit in a Federal court having jurisdiction thereof, or the removal to said court of any such suit brought in the State court, which under Federal law may be removed to the Federal court</u> . . . .

45 Stat. at 1479-80 (emphasis added).

Rennie claims that because the Act permits the institution of an arbitration award appeal in federal court, the Act confers subject matter jurisdiction under 28 U.S.C. § 1331. The Court disagrees. The Court does not have federal question jurisdiction simply because the Act and BIA regulations provide a procedural mechanism for resolving disputes between surface land owners and oil operators. The Court reaches this conclusion for two reasons.

First, the plain language of section 2 makes clear that the Act does not confer subject matter jurisdiction. The Tenth Circuit has held that "[i]n analyzing the language of the statute," courts must

"attempt to give effect to its meaning, and construe the words of the statute in their ordinary sense." Quarles, 372 F.3d at 1172 (internal quotation marks and citations omitted). If possible, courts should give effect to every word. Id. "When the statute's language is clear, only rarely is that language not controlling." Id.

The Court finds that section 2 of the Act plainly states that it does not provide a federal court with subject matter jurisdiction. The Act provides that "nothing herein contained shall preclude the institution of any such suit in a Federal court having jurisdiction thereof, or the removal to said court of any such suit brought in the State court, which under federal law may be removed to the Federal court . . . ." § 2, 45 Stat. at 1480. The language pertaining to a federal district court's jurisdiction, i.e., "a Federal court having jurisdiction thereof" and "which under Federal law may be removed to Federal court," would be superfluous if section 2 automatically conferred subject matter jurisdiction. Congress would not have needed to insert this language if the Act, itself, provided jurisdiction under 28 U.S.C. § 1331.

Second, Rennie's claims do not arise under federal law. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists "when the cause of action is created by federal law or turns on a substantial question of federal law." Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994); see W. Shoshone Bus. Council for and on Behalf of W. Shoshone Tribe of Duck Valley Reservation v. Babbitt, 1 F.3d 1052, 1058 (10th Cir. 1993) ("For a court to exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff[] [is] aggrieved."); Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992) ("To the extent that Plaintiff alleges a violation of [the

Indian Child Welfare Act], the federal district court has subject matter jurisdiction."). Although plaintiff need not necessarily base her claim "on a federal statute or a provision of the Constitution," she must assert a claim "arising under" federal law. Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 850 (1985).

The Court finds that Rennie does not assert any claims for relief arising under federal law. The Act and corresponding BIA regulations merely provide the mandatory administrative procedure for addressing Rennie's claims. The Act and regulations do not, in and of themselves, create claims for relief. Oklahoma law creates Rennie's contract and tort claims, and Oklahoma law governs their resolution in federal court. Moreover, the fact that the Court must review federal statutory law to determine whether Rennie may pursue her state law claims against T&L Oil in a federal forum "does not transform Plaintiff['s] action from one arising under [Oklahoma] law into one arising under federal law." Frazier v. Turning Stone Casino, 254 F. Supp. 2d 295, 303 (N.D.N.Y. 2003).

**IV.**

The Court initially had federal question jurisdiction because the United States was a party, see 28 U.S.C. § 1346, and because Rennie claimed T&L Oil violated CERCLA. However, the United States is no longer a defendant, see Dkt. # 62, and Rennie concedes that she has no CERCLA claim, see Dkt. # 98, at 2. Thus, the Court no longer has federal question jurisdiction on these grounds. The Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

A federal district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Tenth Circuit has held that, "[i]n general, when federal claims are

disposed of prior to trial, the district court may decline to exercise supplemental jurisdiction over state law claims and allow the plaintiff to assert those claims in state court." <u>Summum v. Duchesne City</u>, 482 F.3d 1263, 1276 (10th Cir. 2007).  Here, the Court finds that because it has "correctly dismissed the federal claims, it [may] properly dismiss the state-law claims as well." <u>Cisneros v. Aragon</u>, 485 F.3d 1226, 1233 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** that the Defendant T&L Oil Incorporated's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 95) is **granted**.  All other pending motions are **moot**.  This case is **dismissed** for lack of subject matter jurisdiction.

**DATED** this 20th day of May, 2008.

                                                          *Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT